### CURL & HARDWICK v. MANN.

1. Action of covenant—pleas, 1. performance and 2. an excuse for performance. Held, that by these pleas, def. admitted the execution of the instrument declared on, and that therefore the cir. ct. very properly excluded it from the jury.
2. Def. having pleaded an excuse for not performing his covenant, pltf. may give evidence to show that he had no excuse.

APPEAL from the circuit court of Carroll county.

Opinion of the court delivered by TOMPKINS J.

Hardwick and Curl brought their action of covenant against Mann in the circuit court; judgment being there given against them, they appeal to this court.

The declaration states that Mann the defendant by his certain obligation in writing, bargained and sold, for a certain consideration therein named to the said Curl and Hardwick, a lot of bacon and lard, and thereby covenanted to and with them, to deliver to them the said bacon and lard at Cross's ferry in a good flat boat &c.; before the tenth day of March then next, if the waters in Grand River were high enough to enable them to float the boat down the stream; and if he should be hindered from delivering said load of bacon &c. by want of water or any other unavoidable accident before the tenth day of April then next, then the said writing obligatory should be void. And if said Mann should fail to perform his covenant, he should forfeit to Curl and Hardwick five hundred dollars.

The plaintiffs aver that the defendant did not deliver &c.—although the water was sufficient. Oyer of the

writing declared on was craved and it was set out and found to be executed by Curl and Mann, but not by Hardwick. The defendant pleaded, 1st, performance of his covenant. 2nd. That he was prevented from performing &c. by want of water in Grand River.

On the trial of the cause the plaintiffs offered in evidence the writing declared on, which was excluded by the court, the plaintiffs then offered to prove that the water in Grand River had been sufficient to enable Mann to deliver his load of bacon &c. This evidence was also rejected. These decisions of the court are assigned for error.

The questions then to be decided are 1st, did the court commit error in excluding from the jury the instrument of writing declared on. 2nd, did the court commit error in excluding the testimony of witnesses to prove that the height of the water in Grand River would have permited the defendant to perform his covenant.

1st. Both the pleas filed by the defendant, one being a plea of performance, and the other in excuse of performance admitted the execution of the instrument offered in evidence, and it being a settled rule of law that the plaintiff shall not be required to prove what the defendant by his plea admits, the court certainly committed no error in excluding from the jury the instrument of writing declared on, and which the defendant had by his pleas admitted to be his act and deed. The admission of such evidence to the jury could serve no other purpose than to perplex and mislead them.

2nd. One of the pleas being an excuse for not performing the contract, the plaintiffs ought to have been permitted to introduce testimony to prove that the defendant had no excuse. To prove that the waters of Grand River were sufficiently high to enable the defendant to deliver the boat load of bacon and lard, according to contract, was then to prove that the defendant ought to have lost his cause; and consequently it was error to exclude such testimony. Because then the court rejected the evidence offered by the plaintiffs to prove the state of the waters of Grand River, its judgment is reversed and the cause remanded for further proceedings in conformity with this opinion.

Def. having pleaded an excuse for not performing his covenant, pltf. may give evidence to show that he had no excuse.