BIGGS v. LIFE ASSOCIATION.

(Filed March 5, 1901.)

1. POWER OF ATTORNEY—*Irrevocable—Insurance—Acts* 1899, *ch.* 54.

   A power of attorney made in conformity with Acts 1899, ch. 54, sec. 62, subd. 3, is irrevocable.

2. PROCESS—*Service—Insurance.*

   Service of process upon State Insurance Commissioner is valid notwithstanding the insurance company attempted to annul the power of attorney conferred upon him under Acts 1899, ch. 54, sec. 62, subd. 3, and did not domesticate under Acts 1899, ch. 62.

ACTION by Noah Biggs against the Mutual Reserve Fund Life Association, heard by Judge *A. L. Coble,* upon agreed

state of facts, at November Term, 1900, of HALIFAX County Superior Court. From a judgment for defendant, the plaintiff appealed.

*W. A. Dunn* and *Spier Whitaker,* for the plaintiff.

*J. W. Hinsdale, Shepherd & Shepherd,* and *R. C. Lawrence,* for the defendant.

CLARK, J. By virtue of chap. 54, sec. 62, sub-sec. 3, Laws 1899, one of the conditions precedent upon which a foreign insurance company should be authorized to do business in this State was that such company should file a duly executed instrument with the Insurance Commissioner, appointing him its attorney upon whom all lawful process against said company could be served, "the authority thereof shall continue in force *irrevocable* so long as any liability of the company remains outstanding in this Commonwealth." The defendant accepted these terms, and on 13th April, 1899, filed its duly executed power of attorney to the required purport with the Insurance Commissioner, wherein it is stipulated and agreed by said company, "said company does hereby expressly agree that any lawful process against it, which may be served upon said James R. Young, Insurance Commissioner, or his successor, shall be of the same force and validity as if served upon the company, and this authority shall continue in force *irrevocable* so long as any liability of said company remains outstanding in the said State."

The State had the right to prescribe the conditions upon which a non-resident corporation would be permitted to do business here. *Paul v. Virginia,* 75 U. S., 168, and cases cited thereunder, 7 Notes U. S. Rep., 33; 6 Thomp. Corp., sec. 8028; *Gibson v. Insurance Co.,* 144 Mass., 81; *Parks v. Accident Association,* 100 Iowa, 466; *Strauss v. Insurance*

*Co.,* 126 N. C., 223. The object in requiring some one to be appointed upon whom process could be served is apparent. If that appointment could be revoked by the company at will, the end sought to be attained would be as illusory as a will o' the wisp, which fleets when it is sought to grasp it. The defendant has, since 17th May, 1899, ceased to do any business in this State "through any local officer or agent." Without discussing whether it is "ceasing to do business in this State," to transact that business through agents located outside the State by means of the mail (*Insurance Co. v. Spratley,* 172 U. S., 603), it is sufficient to point out that the statute requires the power of attorney to be irrevocable *not* "as long as the company continues to do business" in this State, but as long as "any liability of the company remains outstanding" in this State, and the contract with the State as expressed in the power of attorney filed by the company so specifies. No amount of authorities having a more or less fancied analogy can overcome these plain words of the statute and of the power of attorney drawn and filed in conformity thereto. *Green v. Life Association,* 105 Iowa, 628, *Insurance Co. v. Gillett,* 54 Md., 213. Indeed it does not even appear that the defendant has ceased doing business in this State otherwise than through local agents. *Insurance Co. v. Spratley,* 172 U. S., 603.

The plaintiff seeks to enforce an outstanding liability against the defendant, and the service of process upon the Insurance Commissioner was valid service.

The fact that the defendant's attempt to become a domestic corporation of this State under the terms of the "Craig Law," chap. 62, Laws 1899, was declared to be a nullity and the defendant was held not to be a domestic corporation, has no bearing upon this question.

Upon the facts agreed the judgment of the Court below was erroneous and must be reversed.

Reversed.