## MOORE v. MUTUAL RESERVE FUND LIFE ASSOCIATION.

(Filed September 18, 1901.)

1. POWER OF ATTORNEY—*Irrevocable—Insurance—Acts 1899, Chap. 54, Sec. 62, Subd. 3.*

   A power of attorney conferred on the insurance commissioner by an insurance company in conformity with Acts 1899, Chap. 54, Sec. 62, Subd. 3, is irrevocable so long as the company has liabilities in this State remaining unsatisfied.

2. SERVICE OF PROCESS—*Process—Insurance.*

   Service of process on State Insurance Commissioner made in conformity with Acts 1899, Chap. 54, Sec. 62, Subd. 3, is valid, although the insurance company has not domesticated under Acts 1899, Chap. 62.

ACTION by L. J. Moore and others against the Mutual Reserve Fund Life Association, heard by Judge A. L. Coble, at Spring Term, 1901, of the Superior Court of CRAVEN

County. From a judgment for the defendant, the plaintiffs appealed.

*Simmons & Ward,* and *W. W. Clark,* for the plaintiffs.
*Hinsdale & Lawrence, Shepherd & Shepherd,* and *T. B. Womack,* for the defendant.

FURCHES, C. J. This appeal involves identically the same question, and no more, than was decided by this Court at its last term, in *Biggs v. Life Association,* 128 N. C., 5, and we are bound to reverse the judgment appealed from in this case, or to reverse the judgment of this Court made at its last term. There is no question of the importance of this, that may not be sustained by arguments on either side.

While the defendant stands before this Court just as any other foreign corporation would stand, it does not stand just as an individual would stand. The Legislature would have no power to prescribe terms to an individual as to whether he should be allowed to do business in this State. He would have the natural and constitutional right to do business here, without the permission or comity of the State. That is not so with the defendant. It had no right to do business here without the permission of the State. This being so, the State had the right to prescribe the terms upon which the defendant might carry on its business here. The State having this right, prescribed the terms and the defendant accepted them and proceeded with its business. The defendant being permitted, proceeded to make contracts with citizens of the State, and became liable to them under these contracts. One of the provisions upon which defendant was allowed to do business here was that James R. Young, Insurance Commissioner, and his successors in office should be constituted its agent, upon whom service of process might be made, and that said agency should continue so long as the

defendant had any *liabilities remaining unsatisfied* in this
State arising from or out of its said business of insurance.
The plaintiff alleges that the defendant is liable to him for
a breach of its contract of insurance—a *liability* of the de-
fendant *remaining unsatisfied.* If plaintiff's contentions are
true, there is still a *remaining liability* of the defendant *un-
satisfied.* The object of this action is to try that very ques-
tion, Is the defendant liable to the plaintiff upon a breach
of its contract of insurance?

But the defendant comes into Court, makes a special ap-
pearance, and in the face of the agreement upon which it
was allowed to do business here, denies that it has violated
its contract with the plaintiff; and therefore plaintiff has
no such claim against it, as plaintiff alleges, and for that
reason (that is, because the defendant says it is not liable
to the plaintiff for anything) the action must stop. We can
not adopt such arguments. It was the duty of the State to
protect its citizens against such practices as it seems to us
is attempted in this case. It seems to us that the defendant
is improperly attempting to evade a liability it has incurred
with one of its patrons it had induced to deal with it.

We do not feel called upon to discuss the question of
revocability of this power to Young, further than to say that
the time fixed in the act of the Legislature and in the power
itself has not yet been reached, as the defendant admits that
it still has outstanding liabilities in this State. It is con-
ceded that, as a general rule, a principal has the right to re-
voke a power of attorney at any time, whether it is in terms
irrevocable or not. But to this general rule there are well-
established exceptions, as where it is coupled with an in-
terest, or where it is contractual in its nature, given for a
consideration and for the protection of some one, or some
interest. In our opinion, this power falls under this excep-
tion to the general rule. It was contractual in its nature;

3——129

was given upon consideration that defendant should have the right to carry on its business in this State, and for the protection of those who should deal with the defendant.

We have not cited authorities, as we find them cited in the case of *Biggs v. this defendant,* 128 N. C., 5.

There is error, and the judgment of the Court below is reversed.

The cases of *Taylor v. Life Association, St. John's Lodge v. Life Association, Hancock v. Life Association, Pope v. Life Association, Moore and Wife v. Life Association, Foy v. Life Association, Barnum v. Life Association, Tisdale and Wife v. Life Association, Tisdale and Hackburn v. Life Association,* all involve the same point as that involved in *Moore v. Life Association,* and were argued together. And upon the ruling of the Court in the first case (*Moore v. Life Association*) the judgment of the Court below is reversed in all of them.

Reversed.