H. G. WILLIAMS, admr., v. MUTUAL RESERVE FUND LIFE ASSOCIATION.

(Filed 2 October, 1907).

1. **Insurance—Contract—Lex Loci Contractus—Agreement.**
   In the absence of a statute fixing the *lex loci contractus*, a foreign insurance company and the insured may fix, by agreement, the place of the contract as being that of the residence of the former party.

2. **Same—Summons—Service—Company Withdrawing from State—Foreign Parties.**
   Revisal, sec. 4806 (act of 1893, ch. 299, sec. 8), providing that "All contracts of insurance, application for which is taken within this State, shall be deemed to have been made within the State and subject to the laws thereof," was designed for the protection of citizens of this State, and does not apply to a policy issued prior to its passage to a citizen of this State and subsequently assigned by the insured to a citizen of another State, so as to make a summons served upon the insurance company here in an action by the citizen of such other State a sufficient service, when the defendant has previously thereto withdrawn from the State and cancelled its power of attorney to the Commissioner.

CIVIL ACTION, heard on motion, by special appearance, before *Long, J.,* at June Term, 1906, of the Superior Court of MARTIN County, made to set aside and vacate service of summons on the Insurance Commissioner.

On 19 April, 1884, defendant, a New York corporation, issued to A. W. Satterthwaite, of Yatesville, Beaufort County, in this State, a policy of insurance upon his life for $6,000, payable to insured or his legal representatives. The policy contained the usual stipulations in regard to payment of assessments. There is nothing in the policy to indicate at what place the application was made or where the policy was delivered, other than the statement of insured's residence. The policy was signed in New York. The tenth clause is as follows: "The entire contract contained in this certificate and said application, taken together, shall be governed by, subject to, and construed only according to the constitution, by-laws and regulations of said association and the laws of the State of New York, the place of this contract being expressly agreed to be the home office of said association in the city of New York." On 27 November, 1895, the said A. W. Satterthwaite, having paid the assessments to that date, assigned the policy to the plaintiff, a citizen and resident of the State of Virginia, who thereafter paid such assessments as were made on said policy until 1 June, 1901, when the defendant company declared the contract of insurance forfeited on account of plaintiff's refusal to pay increased assessments demanded of him. The assessments paid by plaintiff amount to some four thousand dollars. Plaintiff, on 7 June, 1906, instituted this action in the Superior Court of Martin County for the purpose of recovering the assessments paid by him, remitting and forgiving all sums in excess of $1,999.99, etc. Summons was served on James R. Young, Esq., Commissioner of Insurance for the State of North Carolina. Defendant, by its counsel, at June Term, 1906, of said Court, made a special appearance and lodged a motion to set aside and vacate the service of summons on the Commissioner of Insurance. The Court, upon this motion, found the following facts: On 19 May, 1899, defendant company revoked the power of attor-

145—9

ney theretofore made to the Commissioner of Insurance. At the date of the policy, at the date of the assignment, and at all times since, the plaintiff was and is now a citizen and resident of the State of Virginia. Defendant is a corporation, chartered, organized and having its principal place of business in New York City. The Court denied the motion, and defendant duly excepted. Defendant thereupon demurred to the complaint. Demurrer was overruled. Defendant excepted and appealed.

*R. O. Everett* for plaintiff.
*J. W. Hinsdale* and *Gilliam & Gilliam* for defendant.

CONNOR, J., after stating the facts: The record presents a number of interesting questions, some of which are difficult of solution. In the view which we take of the appeal it is unnecessary to discuss or decide them. The appeal must be disposed of upon the defendant's exception to the refusal of his Honor, *Judge Ward,* to set aside the service of summons on the Insurance Commissioner and dismiss the action. It will be noted that, prior to the act of 1893 (chapter 299, sec. 8; Rev., sec. 4806), there was no statute in this State preventing a foreign insurance company and the insured from fixing by agreement the place of the contract. By that statute it is provided that "All contracts of insurance, application for which is taken within this State, shall be deemed to have been made within this State and subject to the laws thereof." That, in the absence of such a statute, the parties may agree upon the place of the contract, is well settled. 22 Am. and Eng. Enc., 1325. Therefore, the policy, by its express terms, is made a New York contract. This brings us to the consideration of the effect upon the plaintiff's right to bring the defendant into court by serving summons on the Commissioner of Insurance after the revocation of the power of attorney. The act of 1899, ch. 147 (Rev., sec. 4747), subsec. 3, requires every foreign insurance company, before it

shall be admitted to do business in this State, to file in the office of the Insurance Commissioner "an instrument appointing him and his successor its true and lawful attorney, upon whom all lawful process in any action against it may be served," and further providing that "the authority thereof shall continue in force irrevocable as long as any liability of the company remains outstanding in this State."

The defendant, conceding the full force of this provision in the statute, as construed by this Court in *Biggs v. Insurance Co.,* 128 N. C., 5, and *Moore v. Insurance Co.,* 129 N. C., 33, insists that, as against the plaintiff, a resident and citizen of the State of Virginia, suing upon a New York contract, the limitation upon the power of the company to revoke the power of attorney does not apply. The point has been ruled in accordance with defendant's contention in *Hunter v. Insurance Co.,* 184 N. Y., 136. *Mr. Justice Hiscock,* discussing the language of our statute, says: "Statutes requiring the execution of some such agreement by foreign corporations as is invoked against the defendant here have always been regarded as primarily designed for the protection of the citizens of the State enacting the legislation and who might acquire rights under contracts executed with them, or for their benefit, while they were such citizens." The learned Justice, speaking of citizens of other States, says: "They are not of the class for whose protection it was originally executed. They have not acquired any rights upon the faith of it." The contract of insurance being a New York contract, the plaintiff a resident of Virginia, we do not think that he, or his cause of action, comes within either the language or spirit of the portion of the statute which limits the power of the company to revoke its power of attorney. This view is not in conflict with the right secured to every citizen of any of the States to sue in the courts of this State upon any cause of action he may have against defendant, whether a resident of this State or not, provided he finds the defendant in the State and has

valid service of process. The Legislature of this State has the undoubted power to prescribe the terms upon which foreign corporations may come into the State, and to pass statutes for the protection of its own citizens doing business with it. This is no discrimination against residents of other States. It is a question of procedure, always subject to legislative control, provided it does not violate any constitutional rights of the citizen. Except for the purpose stated in the statute, the defendant had a right at any time to withdraw from the State and cancel its power of attorney to the Commissioner. Plaintiff is not within the restrictive language of the statute in that respect. The Court erred in refusing the motion. This will be certified to the Superior Court of Martin, to the end that the defendant may have judgment in accordance with its motion and the action be dismissed.

Reversed.