# EX PARTE SOUTHWESTERN SURETY INSUR-ANCE COMPANY, PETITIONER.

## PETITION FOR WRIT OF PROHIBITION.

No. 28, Original. Submitted April 22, 1918.—Rule discharged May 20, 1918.

In an action against a contractor and surety under the Act of August 13, 1894, 28 Stat. 278, as amended, the District Court has jurisdiction to decide whether claims of materialmen were filed within the year limited by the act, and upon the effect of filing them later.

Prohibition will not issue to control the District Court upon questions which that court is competent to decide or questions dependent on facts not presented to this court.

Rule discharged.

UPON petition, a rule was made upon the Judge of the District Court for the Western District of North Carolina, to show cause why a writ of prohibition should not issue to prevent further proceedings in an action brought against a contractor and the petitioner as its surety, under the Act of August 13, 1894, c. 280, 28 Stat. 278, as amended. The decision was made upon the petition and respondent's answer thereto.

*Mr. Hayden Johnson* and *Mr. Thomas M. Fields* for petitioner

*Mr. R. Randolph Hicks* for respondent.

Memorandum opinion by MR. CHIEF JUSTICE WHITE, by direction of the court.

The statute (c. 280, 28 Stat. 278; c. 778, 33 Stat. 811) makes the district court of the district in which work contracted to be done for the United States is to be performed the forum for the assertion by supply creditors or material men of their claims against the contractor and the surety on the bond. It moreover authorizes one suit by all for the purpose of enforcing the liability of the surety. In the light of these provisions and their settled interpretation all the contentions of the petitioner but one which we shall hereafter separately notice are so completely foreclosed by previous authorities as to require only reference to them. *United States* v. *Congress Construction Co.,* 222 U. S. 199; *Illinois Surety Co.* v. *Peeler,* 240 U. S. 214; *Illinois Surety Co.* v. *John Davis Co.,* 244 U. S. 376. Indeed so certain is this the case that as to the principal one of the questions, the power of the court, when raised at this term it was treated as not open to controversy and was hence disposed of by a *per curiam* opinion. *Hopkins* v. *Ellington & Guy,* 246 U. S. 655.

The one subject which we postponed considering is the contention that rights of some of the claimants were asserted after the one-year period of limitation which the statute fixes. But this depends upon facts which are not before us, and besides involves a question within the competency of the court to decide concerning which therefore there is no basis for granting the writ of prohibition or sanctioning a resort to any other extraordinary legal remedy. See *In re New York & Porto Rico S. S. Co.,* 155 U. S. 523; *Ex parte Oklahoma,* 220 U. S. 191.

It follows therefore that the rule must be and it is discharged.

*Rule discharged.*