J. R. McCLAMROCH, Appellee, v. SOUTHERN SURETY COMPANY, Appellant.

CORPORATIONS: Foreign Corporations—Process Agent. The appoint-
1  ment by a corporation, pursuant to statute, of a process agent in a
given state, is not, as to business already transacted, *ipso facto*
annulled by the fact that subsequently the authority of the corpora-
tion to transact business in said state is annulled.

PROCESS: Intervention by Materialman in Federal Action. Parties
2  who furnish labor or materials in the construction of Federal im-
provements, and who accept the Federal statutory invitation to
*intervene* in the government's action on the bond, to adjust all
claims in one action, need not, after effecting their intervention,
serve any process on the surety, who is already in court by action
of the government.  See Sec. 6923, U. S. Compiled Stat.

JUDGMENT:  Conclusiveness—Jurisdiction.  In an action in the state
3  court on a Federal judgment, the plea of nonjurisdiction in the
Federal court to render the judgment must necessarily fail when
it is made to appear that the Federal Supreme Court had, on a plea
for a writ of prohibition against the court rendering the judgment,
held that the Federal district court did have such jurisdiction.

*Appeal from Polk District Court.*—JOHN D. WALLINGFORD,
Judge.

MARCH 7, 1922.

ACTION at law to recover on a foreign judgment in favor of
the plaintiff and against the defendant Surety Company in the
sum of $2,481.03. Jury was waived and the issues were tried to
the court. Judgment entered in favor of the plaintiff. De-
fendant appeals.—*Affirmed.*

*Parrish, Cohen & Guthrie* and *W. M. McLaughlin,* for
appellant.

*Carr, Carr & Cox,* for appellee.

DE GRAFF, J.—This is an action to recover on a foreign
judgment. The facts are simple and undisputed and the an-

swers to the propositions submitted are ready at hand. To appreciate the contentions of the parties on this appeal it is necessary to understand the history of the original litigation.

The Southwestern Surety Insurance Company, judgment defendant in the original suit, was a corporation organized under the laws of the state of Oklahoma, having its principal office in Dennison, Oklahoma, and during the year 1914 was engaged in a corporate surety business.

On July 9, 1914 the W. J. Brent Construction Company made a contract with the United States for the construction of a post-office building at Gastonia, North Carolina, and on July 28, 1914, the said contractor gave a bond to the United States in the penalty of $27,000, conditioned for the performance of the said contract, with the additional obligation that the contractor should promptly make payments to all persons supplying labor or materials in the prosecution of the work provided for in said contract, which bond was underwritten by the said Southwestern Surety Company as the sole surety.

Pending the performance of said contract the contractor went into bankruptcy in the district court of the United States for the eastern district of Virginia and the said contract was thereupon completed by the trustees under the authority of the said court on or about April 15, 1916.

Thereafter and on January 13, 1917 an action on said bond was instituted in the district court of the United States for the western district of North Carolina, in the name of the United States of America, to the use of B. F. Kline, trading under the firm name of Gas Fixture and Brass Company versus W. J. Brent Construction Company and the Southwestern Surety Insurance Company, for the recovery of a judgment *in personam* against the said surety company and the other defendant for the value of certain materials supplied the said construction company in the prosecution of the work under the contract in question.

On January 13, 1917 a summons was issued to the marshal of the western district of North Carolina commanding him to summon the said Southwestern Surety Company (Thomas Griffith process agent) to appear in said court at a time fixed and there answer the complaint of the plaintiff in said cause. The

marshal returned the summons as executed January 17, 1917 with return thereon as follows:

"By reading the within summons to Thomas Griffith, agent for the Southwestern Surety Co., and delivering him a true copy of same."

No other summons or process was ever served in said action nor has any notice of any kind or character been given or claimed to have been given to the said defendant Southwestern Surety Company.

In response to said summons the Southwestern Surety Company appeared specially and moved the court to quash the said summons and service and for grounds stated, that the said Thomas Griffith was not, and since November 1, 1916, had not been the process or other agent of the said Southwestern Surety Insurance Company. The motion to quash the summons was overruled.

On November 1, 1916 the authority granted to the Southwestern Surety Insurance Company under the provisions of the act of Congress of August 13, 1894 as amended by act of Congress March 23, 1910 was revoked by the treasury department of the United States, for that on February 29, 1916 the Southern Surety Company of Oklahoma named in a certain indemnity agreement approved by the treasury department of the United States reinsured all the bonds executed by the Southwestern Surety Insurance Company wherein the government had any interest of a direct or indirect nature.

When the Southwestern Surety Insurance Company came. to defend said action it found in the files therein the petition of intervention (filed February 7, 1917) of J. R. McClamroch (appellee herein) asking for judgment in personam. Thereupon the Southwestern Surety Company specially appeared and moved the court to strike the petition from the files for the following reasons: (1) that no process had been issued on the said petition, nor had any notice of its filing been given to the Southwestern Surety Company (2) that the said surety company had not been made a party to said action, and (3) that the court was without jurisdiction in the premises. This motion was overruled and exceptions allowed.

The defendant surety company then sought to have the

proceedings in the trial court stayed by the suing out of a writ of prohibition from the United States Supreme Court, and in the petition for the writ the same contentions and questions were raised that are now being urged on this appeal in attacking the validity of the North Carolina judgment. On May 20, 1918, the writ was denied and the rule discharged.

Thereafter and on the 18th day of July 1918, not waiving, but expressly reserving its motion to strike the intervening petition of J. R. McClamroch; and not waiving, but expressly reserving its exception to the order overruling the said motion and without prejudice, the defendant Southwestern Surety Company answered the petition of intervention and pleaded a counterclaim or set-off arising in a different transaction against the cause of action of the intervener asserted in the petition of intervention.

Thereafter the said cause came on for trial in the United States district court for the western district of North Carolina, and verdict was returned by the jury and judgment entered in favor of the intervener. It is upon this judgment that plaintiff sues the defendant Southern Surety Company in the instant action and predicates the recovery by virtue of certain reinsurance contracts wherein the Southern Surety Company of Oklahoma assumed the liabilities and took over the assets of the Southwestern Surety Insurance Company and whereas subsequently the defendant Southern Surety Company of Iowa took over the assets of the Southern Surety Company of Oklahoma and assumed its liabilities.

The Federal statutes (Ch. 280, 28 Statutes at Large 778) as amended (Ch. 778, 33 Statutes at Large 811) provided that:

''Any person * * * entering into a formal contract with the United States for the construction of any public building, * * * shall be required, * * * to execute the usual penal bond, with good and sufficient sureties, [containing the] obligation that such contractor shall promptly make payments to all persons supplying him with labor or materials * * *; that any person * * * who has furnished labor or materials * * * and payment for which has not been made, shall have the right to intervene and be made a party to any action instituted by the United States on the bond of the contractor, and to have their rights

and claims adjudicated in such action and judgment rendered thereon.''

It is further provided that the action shall be brought ''in the name of the United States * * * in the district in which said contract was to be performed and executed, irrespective of the amount in controversy in such suit, and not elsewhere, * * * against said contractor and his sureties.''

The statute contemplates that but one action shall be brought and the venue of said action is in the district where the contract is performed although the service of process may be had in whatever district the defendant may be found. *United States v. Congress Construction Co.*, 222 U. S. 199. Under this statute any creditor may file his claim in such action and may be made a party thereto within one year from the completion of the work under the contract and not later. Furthermore in all suits instituted under the provisions of this act, such personal notice of the pendency of suits, informing them of their right to intervene, as the court may order, shall be given to all known creditors. It appears from the record therefore that the intervener instituted his suit in the proper form.

The rule is recognized that a judgment of a foreign court is always open to impeachment on the ground of want of jurisdiction and when a judgment of a Federal court is made the basis of a claim in a state court it is open to the latter to inquire into the jurisdiction of the former court, and if want of jurisdiction is shown the judgment will be treated as a nullity.

It is contended that the service of summons on the process-agent of the Southwestern Surety Insurance Company was invalid for the reason that the company had ceased to do business

1. Corporations: foreign corporations: process agent.

in North Carolina and that the revoking of the authority of the insurance company to execute bonds running to the United States government because of its merger with the Southern Surety Company of Oklahoma revoked the authority of its process-agent as to an action on a claim which arose while the corporation was engaged in its corporate business within the district. It is not the spirit of the law to permit a corporation having a process-agent in a foreign jurisdiction to make contracts in that jurisdiction, and by withdrawing therefrom or by having its authority revoked,

compel parties litigant to seek the courts of the corporate domicile for the enforcement of claims or rights arising antecedent to the revocation or withdrawal. The appointment or recognition of a process-agent, whether an individual, commissioner, or other officer, is upon the consideration that the foreign corporation shall have the right to carry on its business in that jurisdiction, and for the protection of those who deal with such corporation within that jurisdiction. In a sense it is a contractual relation, and may be viewed as an agency coupled with an interest. To hold that the service of summons on a designated process-agent was invalid, if made subsequently to the termination of the right to do business in a jurisdiction other than its domicile, would be to deprive the citizens of that jurisdiction, who had dealt with the corporation, the right to obtain relief in the courts of the state which had permitted the doing of said business within the state. It is not a rule of amity or comity that controls, since the state has the right to exclude a foreign corporation from its boundaries. See *Mutual Reserve F. L. Assn. v. Phelps,* 190 U. S. 147; *Hunter v. Mutual Reserve Life Ins. Co.* 184 N. Y. 136, 218 U. S. 573; *Moore v. Mutual Reserve F. L. Assn.,* 129 N. C. 31, followed in *Hinton v. Mutual Reserve F. L. Assn.,* 135 N. C. 314; 21 Ruling Case Law 894; 30 L. R. A. (N. S.) 678-note.

In the instant case the Southwestern Surety Insurance Company pursuant to the provisions of the act of Congress of August 13, 1894 filed its power of attorney, which was formally approved by the department of justice of the United States. This power of attorney was the original authorization of the company to do business in the state of North Carolina and to be accepted as surety on bonds running to the United States. It was stipulated in said power of attorney that said company in consideration of being accepted as surety "hereby constitutes and appoints Thomas Griffith, a citizen of the state of North Carolina, and having his office in the city of Charlotte and state of North Carolina, as its true and lawful attorney or agent, upon whom may be served all lawful process against the said company, and in the state of North Carolina, in like manner and with the same effect as if the said company existed therein; and further authorizing the said Thomas Griffith to enter an appear-

ance on its behalf in any of the courts of the United States within the judicial district wherein such process shall issue."

Was notice or process on the part of the intervener upon the defendant essential to jurisdiction of the defendant in the original suit? It was found and determined by the Federal court in which said cause was pending that the intervener and other persons "are creditors of the Brent Construction Co., against which said company B. F. Kline, trading as Gas Fixture & Brass Co., has filed complaint in this court, and it further appears to the court that the said creditors have the right to intervene in the suit and have their claims against the Brent Const. Co. adjudicated herein * * *. It is ordered that the clerk of the court do mail to each of the hereinbefore mentioned creditors a copy of this order that they may be advised of their right to intervene herein."

2. Process: intervention by materialman in Federal action.

In a subsequent order entered by said court in said cause the intervener McClamroch was "given leave to intervene herein, and to file his petition asking for such judgment and relief as he may be advised it is proper for him to do." Thereupon the petition of intervention of appellee herein was filed.

The petition of intervention was an appearance in the original suit then pending and under the statute all creditors must be brought into the one action and have their claims determined. See *United States v. McCord*, 233 U. S. 157.

The statute in express terms requires the court where the action is brought to invite all creditors of the contractor to come in and prove their claims so that the court may ascertain and determine the rights of all creditors in the one action. The surety company was already in court as a defendant in the original action and the filing of claims against it were simply for allowance, if proven.

Was the question of the jurisdiction of the Federal district court to proceed with the trial of said cause determined by the United States Supreme Court upon the defendant's petition for a writ of prohibition therein? If so, further opinion is unnecessary. In the preliminary statement of the memorandum opinion by Mr.

3. Judgment: conclusiveness: jurisdiction.

Chief Justice White in *Ex Parte Southwestern Sur. Ins. Co.,* 247 U. S. 19 (38 Sup. Ct. Rep. 430) it is said:

"Petitioner herein entered a special appearance and moved the court to strike out the several petitions on various grounds, the principal of which was that no process had been issued on the intervening petitions, nor notice of the filing thereof given to defendant. The motion was overruled, and petitioner applies for a writ of prohibition to prevent further proceedings in said action. Rule discharged."

It is unfortunate for this appeal that the United States Supreme Court did not make more definite answer in opinion to the point here involved. The abstract of record in the case at bar sets out all matters and pleadings in the case of *"Ex Parte Southwestern Sur. Ins. Co.,"* in the Supreme Court of the United States, October term, 1917. The abstract further contains the memorandum brief of petitioner filed in the Supreme Court of the United States in said cause. A reading of the motion for leave to file petition for prohibition and the petition for prohibition together with the printed brief in support thereof shows clearly and convincingly that every ground now urged by the instant appellant against the validity of the judgment against its predecessor, the Southwestern Surety Insurance Company, was urged in the United States Supreme Court.

No one can question that the writ of prohibition is the proper remedy under such circumstances, and it is granted by the United States Supreme Court when an inferior court assumes to take cognizance of matters of which it has no lawful jurisdiction. *United States v. Thompson,* 256 U. S. — (42 Sup. Ct. Rep. 159).

Upon the trial of the cause in the United States district court for the western district of North Carolina, the predecessor of the appellant on this appeal, as defendant in that cause, challenged the jurisdiction of the trial court: First, because Thomas Griffith, on whom process was served, was not at the time of the service of process, the process-agent for the surety company, and second because no process was served upon it of the intervening petition of the appellee herein. These contentions were carried to the Supreme Court of the United States in an attempt to secure a writ of prohibition. The respondent took the position that there was no necessity of process on its petition for intervention for

the reason that the statute in express terms requires the court where the action is brought to invite all creditors of the con- tractors to come in and prove their claims so that the court can ascertain and determine the rights of all creditors in the one action. This is the correct view. The trial court entered orders in compliance with the statute and we discover no ground upon which appellant can now base its complaint.

We conclude therefore that the petition of plaintiff pred- icated a cause of action; that the judgment sued on is a valid judgment; that the reinsurance contracts pleaded and proved made the defendant surety company liable on its covenant in expressly assuming the liabilities of its transferor among which was the liability on the judgment in suit. Plaintiff had the right to rely upon the covenant made for his benefit. The judgment entered is—*Affirmed.*

STEVENS, C. J., WEAVER and PRESTON, JJ., concur.