State v. Arbogast.

THE STATE, Plaintiff in Error, v. ARBOGAST, Defendant in Error.

1. An indictment charging the defendant—one M. A.—with selling "intox-
icating liquors in a quantity [      ] than one quart, to-wit, one-half pint
of whisky, of the value, &c., and one-half pint of brandy, of the value,
&c., to one T. W. C.," &c., " without the said M. A. then and there first
taking out and having a license as a dram-shop keeper, according to law,
or any other lawful authority, contrary," &c., is sufficient. The word
" less " having been omitted, the averment under the videlicet becomes
material, and muust be proved as laid.

*Error to Grundy Circuit Court.*

*Ewing,* (attorney general,) for the State, cited State v.
Edwards, 19 Mo. 674.

RYLAND, Judge, delivered the opinion of the court.

Michael Arbogast was indicted by the grand jury of Grundy
county, at the Circuit Court, at the April term, 1855, for selling
intoxicating liquors without license. The defendant appeared
and moved to quash the indictment. His motion was sustained,
and the indictment quashed. The circuit attorney excepted to
the decision of the court, and filed his bill of exceptions, and
brings the case here by writ of error. The question then be-
fore us involves the sufficiency of the indictment, which is in
substance as follows: The grand jurors of the State of Mis-
souri, for the body of Grundy county, duly impannelled, sworn
and charged, upon their oath present, that Michael Arbogast,
late, &c., on &c., at, &c., aforesaid unlawfully, did directly
sell *intoxicating liquors in a quantity than one quart,
to-wit, one-half pint of whisky,* of the value of ten cents,
and *one-half pint of brandy,* of the value of ten cents, to
one Thomas W. Cooper and divers others persons, then and
there being, without the said Michael Arbogast then and there
first taking out and having a license as a dram-shop keeper,
according to law or any other lawful authority, contrary, &c.

State v. Arbogast.

The indictment is drawn carelessly, and without precision; the pleader intended, no doubt, to place the word "less" between the words "quantity" and "than;" but his failing to do so does not necessarily render the indictment deficient. Here the averment as to quantity under the *videlicet*—the "to-wit"—is material, and the State will be held to proof of the fact as alleged; and thus understood, the indictment in substance charges the defendant with selling a half pint of prohibited liquor without a license, and this is sufficient. The averment "without taking out and having a license as a dram-shop keeper, according to law or any other lawful authority," we consider sufficient to negative the idea of the defendant's having any license of any kind authorizing him to sell intoxicating liquors. In this indictment the averment as to the quantity sold, though coming after the "to-wit," is to be considered material, and the State must prove the quantity as laid, and without such proof there would be a variance between the charge and proof, and the defendant would be entitled to his acquittal. The general rule in relation to allegations under a *videlicet* or *scilicet* seems to be this: if they be impossible or contrary or repugnant to the preceding matter, they shall be rejected as surplusage and void. But when they are used to explain what goes before them, and are consistent with the preceding matter, then they are material and traversable. "It is the office of a *videlicet*," says L'd Hobart, in Stukely v. Butler, Hob. 172, "to particularize that which before is general, or distribute that which is gross, or explain that which is doubtful or obscure." (Gleason & Gleason v. McVicker, 7 Cow. 42; Knight v. Preston, 2 Wilson, 335; 2 Saunders, 291, *a.*) "It is clear that when the matter alleged is *material* and traversable, and must be stated with exactness and certainty, the statement of such matter under a *videlicet* will not avoid the consequences of a variance or repugnancy if the matter be misstated, and there would be a fatal variance in the absence of the *videlicet*; and this, whether the matter be the consideration or promise in the case of a contract, or be time or place when material, or relate

to other subjects." (Note to 7 Cow. 45 ; 1 Sand. 170, n. 2 ; 2 Saund. 290 ; 1 Chitty C. L. 324; 1 Chitty's Prac. 317.) It is material to aver some quantity sold, and generally speaking the quantity is so laid in the indictment that proof is not required of the exact amount, viz., in a quantity less than ten gallons, to-wit, one quart or one pint. But here the quantity is not charged to be less than one quart, to-wit, one-half pint, but is charged to be *one-half pint*, and, although charged under the " to-wit," is a positive affirmative charge, material and traversable, and must be proved as laid. A *videlicet* will not avoid a variance in an allegation of material matter ; neither should the omission of it create the necessity of proving precisely a stated matter, which would not otherwise require such precise proof.

The indictment in this case is good, and the court below erred in quashing it. The judgment is reversed, and the cause remanded ; the other judges concurring.