THE STATE, Defendant in Error, v. ANDREWS, Plaintiff in Error.

1. Under an indictment, founded on the act, approved December 13, 1855, regulating dram-shops, (R. C. 1855, p. 682,) charging that the defendant unlawfully sold a quantity of spirituous liquor, to-wit, one pint of whisky, without having a dram-shop keeper's license or any other authority for that purpose; it might be shown that the defendant sold a quantity of whisky less than a pint; it would not be a fatal variance.

*Error to Polk Circuit Court.*

*Wright,* for plaintiff in error.

There was a variance in the proof and allegation. The indictment in this case is similar to the indictment in the case of the State v. Arbogast, 24 Mo. 363.

*Ewing*, (attorney general,) for the State.

The offence consists in selling in any quantity less than a gallon without a license. It is not necessary to prove the exact quantity as charged. (State v. Cooper, 16 Mo. 552.) The circumstance which in point of law is essential to the offence is a sale in any quantity less than a gallon, and if the proof corresponds to the allegation in this respect, it will suffice. (1 Chitty Cr. Law, p. 293 ; 2 Russell, 791–2, 788–9.)

RICHARDSON, Judge, delivered the opinion of the court.

The indictment charges that the defendant unlawfully sold a quantity of spirituous liquor, to-wit, one pint of whisky, without having a dram-shop keeper's license or any other authority for that purpose. The proof was that the defendant sold less than a half-pint of whisky. It was objected that there was a fatal variance, and that a conviction could only be had on proof that the defendant sold the exact quantity stated in the indictment.

The first section of the dram-shop act (R. C. 1855, p. 683) prohibits any person from selling intoxicating liquors in any quantity less than one gallon without taking out a license as a dram-shop keeper. It is an offence to sell any quantity less than a gallon, but the exact quantity is not material ; (State v. Cooper, 16 Mo. 551 ;) and as a general rule an indictment will be sustained " if the proofs correspond with the allegations in respect of those facts and circumstances which are in point of law essential to the charge." (1 Chitty Crim. Law, 293.)

In the case of the State v. Arbogast, 24 Mo. 363, the defendant was charged with selling intoxicating liquors in a quantity —— than one quart, to-wit, one half pint of whisky. The circuit court quashed the indictment, and the only question before this court and the only one decided was whether the indictment was good. The indictment was held to be sufficient, which reversed the judgment, and the observations

in the opinion as to the kind of evidence which would be required to support the indictment were foreign to the only question really decided or before the court.

The judgment will be affirmed; Judge Scott concurring. Judge Napton absent.