### STROZIER v. STATE.

Opinion delivered February 26, 1917.

LIQUOR—ILLEGAL SALES—INDICTMENT—ALLEGATION OF QUANTITY.—
Under Act 30, p. 98, Acts 1915, prohibiting the sale or giving away of *any* alcoholic, etc., liquors, the quantity sold is immaterial, and is not a necessary allegation in an indictment.

Appeal from Pulaski Circuit Court; *W. H. Pemberton*, Special Judge; affirmed.

*Albert Gerlach*, for appellant.

1. The indictment charges that a quart was sold, hence the quantity was material. It was error to instruct the jury that it was not material as to the quantity sold. The evidence should not vary from the allegations in the indictment. 66 Ark. 120; 60 *Id.* 141.

*John D. Arbuckle*, Attorney General, and *T. W. Campbell*, Assistant, for appellee.

1. Unless the statute makes the quantity an essential element of the crime, an allegation as to the

quantity sold need not be proved. Proof of sale of any quantity is sufficient. McClain on Cr. Law, § 1273; 13 Enc. of Ev. 732; 54 Minn. 105; 38 N. H. 81; 16 Mo. 551; 28 *Id.* 17; 14 N. H. 451; 6 Va. 634; 12 Metcalf (53 Mass.) 524; and others. There was no variance.

SMITH, J. Appellant was convicted under an indictment which alleged that he had sold one quart of alcoholic liquors to one Robert Edwards, while the proof showed the sale of two half-pint bottles of whiskey. Upon the trial the court instructed the jury, over appellant's objection, that it was immaterial whether the amount sold was a pint, quart, or a half-pint, provided the jury found appellant had sold some quantity. This appeal questions only the correctness of this instruction. Appellant says it is erroneous because there is a variance between the allegation of the indictment and the proof. The authorities, however, hold to the contrary. In 13 Encyclopedia of Evidence, under the title of Variance, and the subhead of Offenses Relating to Intoxicating Liquors, p. 732, it is said: "An allegation as to the quantity sold need not be proved as laid, unless the quantity constitutes an essential element of the crime."

The note to this text cites the following cases which support it: *State* v. *Connell*, 38 N. H. 81; *State* v. *Cooper*, 16 Mo. 551; *State* v. *Andrews*, 28 Mo. 17; *State* v. *Moore*, 14 N. H. 451; *Brock* v. *Commonwealth*, 6 Va. 634; *Commonwealth* v. *Buck*, 12 Metcalf (53 Mass.) 524.

In addition, we are cited to the case of *State* v. *Tisdale*, 54 Minn. 105, and McClain on Criminal Law, sec. 1273, which cites other cases.

This prosecution was had under Act No. 30 of the Acts of 1915, p. 98, section 2, of which reads as follows:

"Sec. 2. After January 1, 1916, it shall be unlawful for any person, firm or corporation to manufacture, sell or give away, or be interested, directly or indirectly, in the manufacture, sale or giving away of any alcoholic vinous, malt, spirituous or fermented liquors or any

compound or preparation thereof, commonly called tonics, bitters or medicated liquors within the State of Arkansas."

It will be observed that the Act prohibits the sale or giving away "of *any* alcoholic, vinous, malt, spirituous or fermented liquors or any compound or preparation thereof, commonly called tonics, bitters or medicated liquors." The quantity sold is immaterial.

No error was committed, therefore, in giving this instruction, and the judgment is affirmed.