STATE OF MISSOURI at the Relation of LESTER SIEGEL, SR., DAVID L. SHEFFREY and COMMERCE TRUST COMPANY, as Trustees under Trust Agreement of FLORENCE HARZFELD, Deceased, ELISE B. SHEFFREY, LEAH WOLF, FLORENCE SHANE, LESTER SIEGEL, SR., Individually, FRIEDA SIEGEL, MARJORIE SIEGEL MAVRAN, and LESTER SIEGEL, JR., Relators, v. HONORABLE DUVAL P. STROTHER, JUDGE OF THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI, at Kansas City, Division No. 4, Respondent, No. 45178—289 S. W. (2d) 73.

Court en Banc, April 9, 1956.

*John H. Lathrop* and *Richard S. Righter* for relators· Lester Siegel, Sr., David L. Sheffrey and Commerce Trust Company, Trustees; *Paul Barnett* and *David Skeer* for relators David L. Sheffrey, Trustee, and Elise B. Sheffrey, Leah Wolf and Florence Shane; and *Herman M. Langworthy* and *Clyde J. Linde* for relators Lester Siegel, Sr., Individually, Frieda Siegel, Marjorie Siegel Mavran and Lester Siegel, Jr.

864

*Daniel S. Millman* for respondent.

870

[75] HOLLINGSWORTH, J.—This is an original proceeding seeking to prohibit respondent as a Judge of the Circuit Court of Jackson County, at Kansas City, from proceeding in alleged excess of the jurisdiction of that court to hear and determine in an action brought primarily to contest the will of Florence Harzfeld, deceased; an alternative count in equity to annul an *inter vivos* trust agreement to which reference is made in the will, and a further alternative count to void the sale of certain corporate stocks made pursuant to the provisions of said trust agreement and for an accounting.. Respondent's return to our preliminary rule admitted all facts pleaded in relators' petition, denied the conclusions of law pleaded therein and pleaded and sought discharge of our rule on grounds hereinafter discussed. Relators thereupon filed motion for judgment on the pleadings. The cause was briefed, argued and submitted upon the facts and issues pleaded in the petition and return.

The action out of which this proceeding arose is Cause No. 564,934, in the Circuit Court of Jackson County, at Kansas City, and is en-

titled "Leslie Seidenbach et al., plaintiffs, v. Lester Siegel, Sr., David L. Sheffrey and Commerce Trust Company, a corporation, as executors and as trustees under purported last will and testament and purported trust agreement of Florence Harzfeld, deceased, et al., defendants."

Florence Harzfeld, whose will and trust agreement are in controversy, died on January 17, 1952. On June 24, 1950, she executed an instrument designated as her Last Will and Testament. By the terms of that will, after certain specific bequests, she declared in the residuary clause thereof (Item III):

"All the rest and residue of my property, real, personal, and mixed, I will, devise and bequeath to Commerce Trust Company, Lester Siegel and David L. Sheffrey, all of Kansas City, Jackson County, Missouri, as Trustees under a certain 'Consolidating and Amending Trust Agreement' dated the 12th day of May, 1950, by and between Florence Harzfeld as Grantor and Commerce Trust Company, Lester Siegel and David L. Sheffrey as Trustees, to become a part of the trust estate described in said Consolidating and Amending Trust Agreement and to be held, administered and distributed by them upon and in accordance with all the trusts, terms and conditions set forth in said agreement."

On March 25, 1952, following trial in the probate court, that court found and adjudged that the purported will of June 24, 1950, and the purported trust agreement of May 12, 1950, "do constitute the Last Will and Testament of Florence Harzfeld, deceased, and said instruments are hereby allowed and admitted to probate as such Last Will and Testament."

In the action filed by plaintiffs in the trial court, Count I attacks the will and trust (treating the trust as part of the will) on the ground of fraud and undue influence on the part of two of the relators herein, Lester Siegel, Sr., and David L. Sheffrey. A verdict on this count would hold that said will and trust instrument severally *or collectively* do or do not constitute the last will of the deceased. This count does not attack the trust *as a trust*—but only as a will. Count II adopts the charges set forth in Count I and attacks only the will, as such, exclusive of the trust instrument. Count III adopts the [76] charges set forth in Count I and offers for probate an instrument dated December 13, 1951, as the last will of deceased. Count IV offers for probate a codicil thereto, dated December 19, 1951. Both of these instruments were rejected by the probate court. Count V adopts the charges set forth in Count I and, in the alternative, attacks the trust *as a trust*, seeks cancellation thereof, the voiding of a sale of certain shares of stock made thereunder by the trustees, and demands an accounting of benefits allegedly accruing to Lester Siegel, Sr., pursuant to such action. Count VI likewise adopts the charges of Count I and makes an alternative attack only on the pro-

vision of said trust granting to Lester Siegel, Sr., an option to purchase certain corporate stocks, seeking cancellation thereof, the voiding of action taken thereunder by the trustees subsequent to the probate of the will, and demands an accounting of benefits by Siegel.

The relators herein, as defendants in that suit, filed a motion seeking, among other things, a dismissal of Counts V and VI, which are counts in equity, on the ground that Counts I, II, III and IV of the suit are a will contest, and therefore cannot be joined with any other or different kind of action. This motion, as to said two counts, was overruled, and in the order overruling the motion, respondent, then being the assignment judge, sent the case back to the general docket.

The trust agreement was executed and acknowledged before a notary public as a trust and not as a will signed, published and declared in the presence of witnesses, as required by law for the execution of wills. Its provisions are those of a trust (not a will), reserving the income from corpus to the grantor, Florence Harzfeld, for her life, creating the trustees' rights and limitations, reserving to grantor the right of revocation and right of withdrawal of corpus during her life, providing for liquidation and distribution after her death, and for termination thereafter.

In this court, relators contend that the Circuit Court of Jackson County exceeded and threatens further to act in excess of its jurisdiction by treating Counts V and VI as properly joined in the same action as Counts I to IV, inclusive, on the grounds that a will contest in the circuit court operates as an appeal from the probate court, that the jurisdiction of the circuit court in such an action is therefore derivative, and that its jurisdiction is limited to the issues authorized by the statute authorizing such contest. Respondent contends that such a will contest is not an appeal from the probate court and, therefore, is not limited by the same rules as an appeal. Thus is presented the essential issue on the merits.

■ Before consideration of the case on the merits, however, it is necessary that we consider a challenge made by respondent to our jurisdiction. He says: (1) that we have no right to issue and determine an original writ in prohibition in the absence of service of process upon a proper party respondent; (2) that the only proper party respondent is a judge who is exceeding or threatening to exceed his legal jurisdiction; and (3) that respondent is not the proper party respondent since he has no jurisdiction to act further in the cause. Of these in order:

(1). It must be conceded, in fact, we do not understand relators to question that "[a] writ (of prohibition) which is final in form and effect and is granted without any preliminary notice whatever to the prohibited court and parties is void for want of due process." 42 Am. Jur., Prohibition, § 43, p. 178.

(2) and (3). In support of his contention that the only proper party respondent in prohibition is a judge who *is* exceeding or *threatening* to exceed his legal jurisdiction, he cites: State ex rel. Phillips v. Barton, 300 Mo. 76, 254 S.W. 85, 87; State ex rel. Powers v. Rassieur, Mo., 184 S.W. 116, 118; and State ex rel. Stroh v. Klene, 276 Mo. 206, 207 S.W. 496, 497. These cases furnish little aid to respondent in his assertion that this court has not, by the method pursued in this case, acquired jurisdiction over the Circuit Court of Jackson [77] County. The Barton case, supra, merely holds that prohibition lies only against the exercise of judicial power and may not be used to prohibit a ministerial act even if the act be done by a judge pursuant to statute. The Rassieur case, supra, holds that a party litigant is an improper respondent in a prohibition proceeding and that, in the absence of proof, a mere allegation in a petition that the respondent judge was about to put into force a judgment rendered in an election contest while a motion for new trial was pending, which allegation the judge denied, presented no basis for a judgment. The Klene case, supra, has no bearing whatever on the question here involved. It held, as did the Rassieur case, that a party litigant was not a proper party respondent in prohibition and thereupon made absolute its preliminary rule issued against two judges who had presided over litigation pending in a Division of the Circuit Court of St. Louis.

Before passing these cases, however, it is well to note that the Rassieur case, 184 S.W. 116, 117, states: "* * * the writ runs *from a court* of superior *to a court* of inferior jurisdiction solely to prevent the *inferior court* from assuming a jurisdiction it has not, or from exceeding a jurisdiction it has." And further, l.c. 118: "* * * the judge *or the tribunal* * * * *whose action is sought to be halted and annulled* is ordinarily the only necessary party defendant in an action in prohibition." (Emphasis ours.) These statements would clearly indicate that if service of our preliminary writ upon respondent constituted lawful notice to the Circuit Court of Jackson County, at Kansas City, "whose action (by this proceeding) is sought to be halted and annulled", then that court is properly before us for a final determination of the writ under the jurisdiction vested in us by Article V, § 4, of the Constitution.

Respondent also asserts that under the rules of the Circuit Court of Jackson County respondent is not a proper party respondent since he has no jurisdiction to act further in this case. He says, first, that under said rules respondent's jurisdiction, as judge of Division 4 of the Circuit Court, over the suit under consideration was terminated by its transfer and assignment back to the General Docket, "where it has rested ever since", and that under said rules jurisdiction of the case is in the presiding judge. These assertions may be taken as correct, but they do not answer the question of whether

by the service of our preliminary writ upon respondent we have acquired jurisdiction over the Circuit Court of Jackson County, at Kansas City. As to this question, respondent says: "It is true that the writ operates upon the court, but of necessity it is directed to the judge of that court (for the time being) as a living person capable of being served with process and brought into the higher court to account for a threatened usurpation of the jurisdiction of that court. It is comparable to the necessity of serving a living person with process intended for a corporation. In each instance the living person legally represents the entity for the purpose. The jurisdiction or lack of jurisdiction of Division No. 4 is indistinguishable from the jurisdiction or lack of jurisdiction of Respondent as its Judge, and the applicable law governs regardless of which is considered." Insofar as we are advised, the question posed by respondent is one of first impression in this State and no direct authority has been cited by either of the parties hereto.

Our jurisdiction to issue original writs of prohibition is declared by Art. V, § 4, of the Constitution giving us "general superintending control over all inferior *courts*" in this State and vesting us with a discretionary right to issue and determine original remedial writs. Section 530.030 RSMo 1949, V.A.M.S., (All statutory references are to RSMo 1949, V.A.M.S., unless otherwise noted.) provides that procedure in prohibition shall conform as nearly as practicable to the code of civil procedure and in the case of State ex rel. St. Louis & Kirkwood R. Co. v. Hirzel, 137 Mo. 435, 449, 37 S. W. 921, 924, cited by respondent, it was [78] held that the provisions of the code applied as far as it was properly applicable to a prohibition proceeding in the Supreme Court. But, in later cases, it has been consistently held that "[p]roceedings of this sort which originate in this court are governed, not by the code, but by the general law on the subject." State ex rel. Anheuser-Busch Brewing Ass'n. v. Eby, 170 Mo. 497, 527, 71 S.W. 52, 62; State ex rel. Burton v. Montgomery, 316 Mo. 658, 664, 291 S.W. 472, 474.

It has been a frequent and, insofar as we are advised, a heretofore unquestioned practice in the issuance of writs directed by this court to lower courts with multiple judges to direct such writs to the judge who had made the order challenged as being beyond jurisdiction of that court and which order, on its face, bespoke the purpose of that court thereafter to exercise jurisdiction in conformity with the order. State ex rel. Massman Const. Co. v. Buzard, 346 Mo. 1162, 145 S.W. 2d 355, 356: State ex rel. Nat. Refining Co. v. Seehorn, 344 Mo. 547, 127 S.W. 2d 418; and State ex rel. Bartlett v. McQueen, 361 Mo. 1029, 238 S.W. 2d 393. That practice has also been followed by the Kansas City Court of Appeals. State ex rel. Cockrum v. Southern, 229 Mo. App. 749. 83 S.W. 2d 162; and State ex rel. Alisky v. Bird, 63 S. W. 2d 817, 818.

Furthermore, it is the practice that notice of the writ be served upon counsel for the party seeking to uphold action sought to be prohibited and for such counsel also to represent the judge or court against whom the writ is sought. It is, therefore, difficult to imagine prejudice resulting by reason of naming as respondent the judge whose order was alleged to exceed the jurisdiction of the court and whose order, on its face, constituted a threat to put into execution further action allegedly beyond jurisdiction of the court. Certainly, no such prejudice is here alleged or shown. To follow any other plan would place an onerous, vexing and sometimes unsolvable burden upon litigants in courts with multiple judges. A statement in the brief of relators is illustrative of the uncertainties which would flow from any other practice: "Otherwise, there is no judge upon whom process can be served. The case is now on the general docket, which means that it is before no judge unless application is made for a further order. Judge Buzard, who was the judge of the assignment division when the petition for prohibition was filed, did nothing toward the further exercise of the pretended jurisdiction authorized by the order of Judge Strother. Upon the day when respondent's return was filed, Judge Terte was the assignment judge. Nobody now knows what judge will preside over the trial after the case is assigned." If respondent's contention is adopted, it would follow that any prohibition proceeding against a multiple judge court, if brought with assurance of a hearing on the merits, would have to be prosecuted against all of the judges.

The real question on this phase of the case is solely that of proper party and proper notice. If both are present, we may dispose of the proceeding on the merits; if not, then, we must discharge respondent from our preliminary writ.

"[T]he right to the writ of prohibition implies that a wrong is about to be committed, not by the parties litigant as in the case of injunction, but by the person or *court* assuming the exercise of judicial power and against whom the writ is asked." State ex rel. Terminal R. Ass'n v. Tracy, 237 Mo. 109, 140 S. W. 888, 890. There is no rule, no statute designating any person or judge of a multiple judge court as the service agent of that court. Common sense tells us the judge whose act is alleged to be illegal and to constitute a threat of further action in excess of the jurisdiction of the court of which he is a judge is the person to whom the writ should be directed, unless, possibly, for good cause shown such would not be the case. In State ex rel. Spencer v. Criminal Court of Marion County, 214 Ind. 551, 16 N.E. 2d 888, 889, it was noted that it was the uniform practice in Indiana to make judges and other parties [79] who might be expected to act upon the authority of the court respondents in the writ of prohibition, but, it was further stated: "The statute * * * provides for the issuing of writs of prohibition against *courts*. It does not

mention judges. Without being named in the writ, or being made parties to the proceeding, all judges * * * who have notice of the writ, are bound by writs of prohibition against courts, and are prohibited from acting upon authority of the prohibited court just as effectively as though they had been made parties to the action and the writ.'' The rule is sound.

Now, the final question is: Does the practice of this court, as exemplified in this case, constitute due process of law? As stated, we have been cited to no case that is decisive of the question, but we are convinced and hold upon principle that the probability of notice to all of the judges of the Circuit Court of Jackson County, at Kansas City, of the issuance of the writ herein, the purpose for which it was issued, and of the judgment eventually rendered herein on the merits is so reasonably certain that the requirements of due process are fully met. Our general statute in civil actions bolsters the conclusion thus reached. One of the methods of service authorized by it is by leaving a copy of the summons and of the petition at the dwelling house or usual place of abode of the defendant with some person of his family over the age of fifteen years. That statute is held valid and enforcible upon the theory that the close association between the defendant and the person served will cause the defendant to receive knowledge of the service of process. In this case, we think the probability of notice to all of or any of the judges of the Circuit Court of Jackson County who may hereafter be called upon to act in the suit now pending in that court is just as great as in the aforesaid service statute. The prevailing party or parties herein will see to that.

Respondent further asserts that prohibition does not lie because the action taken by respondent was complete and there was nothing further to be done. He cites: State ex rel. Kansas City v. Burney, 324 Mo. 363, 23 S.W. 2d 117, 119; State ex rel. Strother v. Broaddus, 234 Mo. 358, 137 S.W. 268, 269; Klingelhoefer v. Smith, 171 Mo. 455, 71 S.W. 1008, 1009. All of those cases deal with a final order or judgment of the court. They are not in point. This proceeding seeks to prohibit the circuit court from permitting joinder of a will contest along with an equitable action to set aside a living trust. Prohibition is available and proper where a court is proceeding in excess of its jurisdiction and something further is to be done pursuant thereto. State ex rel. Ellis v. Creech, 364 Mo. 92, 259 S.W. 2d 372, 375.

Respondent next contends that prohibition does not lie because relators have an adequate remedy at law or no remedy is needed. They say that the remedy of severance and separate trial of claims is available under §§ 507.040, 507.050 and 510.180, as implemented by S.Ct. Rule 3.29, allowing separate appeals from separate judgments in separate claims joined in one action. This contention will be answered by determination of the essential question presented

on the merits by relators' petition, as will respondent's further general contention that "this is not even a proper question for prohibition".

■ This brings us to the merits: Does a will contest filed in the circuit court operate as an appeal from the probate court, making the jurisdiction of the circuit court derivative, and thereby limit its jurisdiction to the issues prescribed by the statute authorizing such contests? The statute in question, § 468.580, provides:

"If any person interested in the probate of any will shall appear within one year after the date of the probate or rejection thereof, and, by petition to the circuit court of the county, contest the validity of the will, or pray to have a will proved which has been rejected, an issue shall be made up whether the writing produced be the will of the testator or not, which shall be tried by a jury, or if neither party [80] require a jury, by the court; * * *" (The above section, in effect when the action here under consideration was filed, has been repealed and re-enacted with changes not here material. Laws 1955, p. —, now § 473.083.)

The right to contest a will is entirely dependent upon the foregoing section. Campbell v. St. Louis Union Trust Co., 346 Mo. 200, 139 S.W. 2d 935, 936, 129 A.L.R. 316. Apparently, however, respondent proceeds upon the theory that § 509.060 of the civil code authorizes the joinder of other issues and claims with a suit to contest a will. That section authorizes the joinder either as independent or alternate claims as many claims either legal or equitable or both as the plaintiff may have against an opposing party and a like joinder if the requirements of §§ 507.030, 507.040 and 507.060 are met. We are convinced for the reasons hereinafter stated that § 509.060 is not applicable to such suits.

The civil code, although of general application to suits in the circuit court, does not apply to all civil actions. Section 1 of the Code, Laws 1943, pp. 353, 356, repeals specific sections of the general procedural statutes then in force and enacts a new code "in lieu of" those sections. It does not repeal any statute providing a special remedy. Section 2 of the Code (§ 506.010) makes the code applicable to all suits and proceedings of a civil nature "unless otherwise provided by law". Obviously, it does not change the law relating to will contests. S.Ct. Rule 3.02 (a) provides that if any special procedural statute (the will contest statute is unquestionably a special procedural statute) refers to or adopts the provisions of the code, then the substitute procedure prescribed shall be employed. The statute authorizing will contests (§ 468.580) does not refer to or adopt the provisions of the code. To the contrary, it prescribes, to the extent therein stated, its own procedure by fixing the conditions upon which a will contest may be maintained, the sole issue to be tried, the forum in which it must be tried and declaring it to be an action at law. Consequently, it cannot be persuasively argued that the provisions of the code relating

to permissive joinder destroy or broaden the single issue defined in the statute authorizing such contests and the method therein prescribed for its determination.

Article V, § 16, of the Constitution vests original jurisdiction of all matters pertaining to probate business in the probate court and significantly vests it in no other court. The statutes (old §§ 468.440-468.560—new §§ 473.047-473.080) provide that the probate court takes the proof of wills and grants a certificate of their probate or rejection. Its action is a final judgment (unless reopened under new § 473.077) unless and until a contest is filed under § 468.580 (new § 473.083), and no contest can be filed until the probate court has acted upon the will. Callahan v. Huhlman, 339 Mo. 634, 98 S.W. 2d 704, 705-706; Breeding v. Pack, Mo., 164 S.W. 2d 929, 930.

In Breeding v. Pack, supra, l.c. 930, this court quoted with approval from Callahan v. Huhlman, supra: "Since the contest of a will, or a suit to establish a will in the circuit court after rejection in the probate court, is to be considered, in effect, as an appeal from the probate court, it follows that there could be no jurisdiction in the circuit court to entertain such suit or appeal until there is a judgment, probating or rejecting the will in the probate court. * * * The circuit court has no jurisdiction to determine such question until the probate court has determined it one way or the other. * * * A will cannot be probated in the first instance in the circuit court." And in Callahan v. Huhlman, supra, l.c. 706, this court quoted with approval from another case: "If any person desires to appeal from the action of the probate court in the probating or rejection of a will, he must do so 'by petition to the circuit court.'" Thus, it is consistently held that the jurisdiction of the circuit court is derivative. Johnson v. Brewn, 277 Mo. 392, 210 S.W. 55, 56; State ex rel. Callahan v. Hess, 348 [81] Mo. 388, 153 S.W. 2d 713, 714; Callahan v. Huhlman, 339 Mo. 634, 98 S.W. 2d 704, 706; Benoist v. Murrin, 48 Mo. 48, 52.

When the contest is filed, the question of probate or rejection of the will, "will or no will", is transferred from the probate court to the circuit court. Byrne v. Byrne, 289 Mo. 109, 233 S.W. 461, 466; Johnson v. Brewn, 277 Mo. 392, 210 S.W. 55, 56; McCrary v. Michael, 233 Mo.App. 797, 109 S.W. 2d 50; Stobie v. Stobie, Mo.App., 183 S.W. 2d 609, 617-618; Fletcher v. Henderson, 333 Mo. 349, 62 S.W. 2d 849, 851. Subject to the right of the circuit court to determine whether the contestants are "interested parties within the meaning of the statute", Ewart v. Dalby, 319 Mo. 108, 5 S.W. 2d 428, 431, the sole issue for trial is "whether the writing produced be the will of the testator or not", and any issue further seeking to void the will is "wholly foreign to the action" and will not be considered. Weaver v. Allison, 340 Mo. 815, 102 S.W. 2d 884, 885, 110 A.L.R. 672; Canty v. Lehmkuhl, Mo. App., 164 S.W. 2d 132, 134. See also Cox v. Cox, 101 Mo. 168, 13 S.W. 1055; Van Raalte v. Graff, 299 Mo. 513, 253 S.W. 220; Weber v.

Strobel, Mo., 225 S.W. 925; Lilly v. Tobbein, 103 Mo. 477, 13 S.W. 1060; Teckenbrock v. McLaughlin, 209 Mo. 533, 108 S.W. 46; McCarthy v. Fidelity Nat. Bank, 325 Mo. 727, 30 S.W. 2d 19, 22.

There are three Missouri cases, cited by respondent as being in conflict with the rule announced in the above cases. In Lucitt v. Toohey's Estate, 338 Mo. 343, 89 S.W. 2d 662, it was held that an order of the probate court setting aside its former order admitting a will to probate was not appealable under the general statute (old § 467.010—new § 472.160) enumerating the decisions of the probate court from which appeals would be allowed. During the course of its discussion, the court said, l.c. 664: "This court has held that no appeal lies from an order of the probate court approving or rejecting a will, but that the statutory method for reviewing such orders by independent action in the circuit court operates in the nature of an appeal from the order of the probate court, and transfers the contest from the probate to the circuit court. Speaking to that question in Johnson v. Brewn, 277 Mo. 392, 396, 210 S.W. 55, 56, we said: 'It has always been held, in the early and late cases, that when a suit to contest a will is filed in the circuit court * * *, the suit operates in the nature of an appeal from the order of the probate court probating the will. 'The Legislature may undoubtedly provide other modes besides the ordinary form of appeal, by which the controlling power of the circuit court may be exercised." Dickey v. Malechi, 6 Mo. [177] loc.cit. 182 [34 Am.Dec. 130]. "There was no appeal in form, but the result of the process was the transference of the contest from an inferior to a superior court." Benoist v. Murrin, 48 Mo. [48] loc.cit. 52.' '' Another case, In the Matter of Milton Duty's Estate, 27 Mo. 43, is quite similar to the Lucitt case. It holds that a duly proven will can be contested only in a proceeding instituted under the statute authorizing such contests and that an appeal does not lie from the order of the probate court granting probate under the general statute authorizing appeals from the probate court. These cases do not aid respondent. In fact, the Lucitt case strongly supports the right of relators to the relief herein sought.

In the case of Snyder v. Toler, 179 Mo.App. 376, 166 S.W. 1059, a petition filed in the circuit court alleged in one count the invalidity of a will and in a second count sought to recover under a trust created by the will. The court, on motion of defendant, held the counts inconsistent and required plaintiff to elect, whereupon plaintiff was allowed to dismiss the count alleging the will's invalidity. It is readily apparent that the court either overlooked the many decisions of our appellate courts holding that a will contest cannot be dismissed, Campbell v. St. Louis Union Trust Co., 346 Mo. 200, 139 S.W. 2d 935, 938, 129 A.L.R. 316, or, because of the fact that no point was made as to the wrongful dismissal of a will contest as such, chose to ignore it by saying, [82] "Overlooking other considerations, we hold the motion

(to elect) was properly sustained on its merits.'' (Emphasis ours.) Such a ruling could not be considered as authority supporting respondent's contention.

Respondent's further contention is that ''because both (the will and *inter vivos* trust) were probated as the last will of decedent'' he is entitled, on the ground of fraud and undue influence, to challenge the validity of the trust as an integral part of the will. Of course, the fact that the probate court ordered probate of the trust agreement as a part of the will did not and could not constitute a judgment affecting the validity of an *inter vivos* trust that had been executed and put into operation prior to the execution of the will and independently of it; and the trial court's jurisdiction being derivative, its jurisdiction was likewise limited to the duty of adjudging the sole issue of will or no will. Weaver v. Allison, 340 Mo. 815, 102 S.W. 2d 884. ''[I]t (the circuit court) cannot inquire into matters which the statute (authorizing will contests) does not specifically delegate to it.'' Canty v. Lehmkuhl, Mo.App., 164 S.W. 2d 132, 134. The contention is overruled.

We hold that a will contest operates as an appeal from the probate court and that jurisdiction of the circuit court to determine the issue provided by the statute is derivative; that Counts V and VI of the petition could not lawfully be joined with it; and that the court would therefore act in excess of its jurisdiction in proceeding with the trial of said Counts V and VI as being counts properly pleaded in the action.

Prohibition is not a writ of right; its issuance in a given case is addressed to the sound discretion of the court. In this case, respondent definitely erred in refusing relators' motion to dismiss Counts V and VI. Appeal from that order was unavailable because no final or appealable interlocutory order was rendered. The order of the court overruling the motion in and of itself constitutes a threat that the Circuit Court of Jackson County, in excess of its jurisdiction, will order the trial of said counts as counts properly pending before it in the suit to contest the will. Obviously, an intermingling of issues and evidence pertinent to Counts V and VI with the sole proper issue and evidence pertinent to the will contest would involve great expense, the trial of burdensome and perhaps matters prejudicial to the issue of ''will or no will''. No good result could possibly flow from a discharge of the rule at this stage of the proceeding (after jurisdiction of the cause has been accepted and it has been briefed, argued and submitted on the merits). Under such circumstances, prohibition is a proper and the only adequate remedy. State ex rel. Taylor v. Nangle, Mo., 227 S.W. 2d 655, 657; State ex rel. Nat. Refining Co. v. Seehorn, 344 Mo. 547, 127 S.W. 2d 418, 425; State ex rel. Ellis v. Creech, 364 Mo. 92, 259 S.W. 2d 372, 375.

The rule is made absolute. All concur.