STATE of Missouri ex rel. ST. LOUIS
COUNTY TRANSIT COMPANY,
a Corporation, Relator,

v.

J. Casey WALSH, Presiding Judge of the
Circuit Court of St. Louis, Missouri,
Respondent.

No. 30262.

St. Louis Court of Appeals.

Missouri.

Sept. 15, 1959.

Motion for Rehearing or to Transfer to
Supreme Court Denied Oct. 20, 1959.

Harry L. Bell, St. Louis, for relator.

Cleo V. Barnhart and Barnhart & Sommers, St. Louis, for respondent.

DOERNER, Commissioner.

This is an original proceeding in prohibition. Relator is the defendant in a cause pending in the Circuit Court of the City of St. Louis before the respondent, Honorable J. Casey Walsh, presiding judge of said court titled Elsie Harris v. St. Louis County Transit Company. The purpose of this proceeding is to prevent the respondent from entering an order requiring relator to produce for inspection and copying six photographs which relator admits it has in its possession.

The cause pending in the Circuit Court is an action for damages for personal injuries alleged to have been sustained by the plaintiff on or about April 4, 1958, as a result of the negligence of the defendant in failing to provide plaintiff, a passenger on one of relator's busses, a reasonably safe place in which to alight. It is claimed that the operator stopped the bus at a place where the ground was soft, muddy and slippery, and that while in the act of alighting from the bus plaintiff stepped down onto the slippery ground, whereby her foot slipped and she fell and was injured. In its answer relator admitted that plaintiff was a passenger on its bus on the date and at the place referred to in plaintiff's petition, denied all other allegations as to plaintiff's fall and its negligence, and pleaded contributory negligence on the part of the plaintiff.

Following the institution of her suit plaintiff took the deposition of Roy Cox, the operator of relator's motorbus. His testimony, in brief, was that the plaintiff requested him to stop the bus in the intersection of Rock Hill and Big Bend Roads, and that when he explained to her that it would endanger her and the bus to stop in the intersection, she called him a terrible driver and a disgrace to the bus company; that he proceeded to stop the bus at the regular stop, where the ground was grassy, level and firm; that as plaintiff was in the act of alighting she looked at him and said that if she fell and broke her neck it would be his fault; and that she missed the last step and fell. Cox related that he assisted plaintiff to her feet and helped her into her house nearby; that he telephoned the relator to advise it of plaintiff's fall; and that he then returned to the bus, obtained his own personal camera which he happened to have with him, and took six photographs of the bus and the surroundings, from various angles, before the bus was moved. Upon being asked if he had the photographs Cox stated that he had turned them over to the relator. The following then occurred:

"Q. (By plaintiff's counsel) Why did you take those pictures that day? A. Why did I do it?

"Q. Yes.

"Mr. Bird (relator's counsel): I object to that question as immaterial and also it calls for a conclusion of the witness, and instruct you not to answer the question.

"Mr. Barnhart (to the Notary): Will you with the power invested in you by law compel the witness to answer the last question?

"Notary: Will you answer the question, sir.

"Mr. Bird: I advise you not to answer the question, as your attorney.

"Mr. Barnhart: I command that you answer.

"The Witness: I have to take orders from my attorney.

"Q. Have you employed an attorney? A. No.

"Mr. Bird: I instruct the witness not to answer that question. It is immaterial.

"Q. (By Mr. Barnhart) Are you represented by your attorney here today? A. Yes, sir.

"Q. You are not a party to this lawsuit, are you? A. No, sir.

"Q. You are a witness, is that right? A. That is right.

"Q. Now, is the attorney sitting here representing you, or representing the St. Louis County Transit Company.

"Mr. Bird: I advise the witness not to answer that question, on the grounds that is immaterial, unconnected with this cause of action."

After further colloquy, the witness answered:

"Q. (By Mr. Barnhart) Will you answer the question? A. No, on the advice of my attorney.

"Q. Do you refuse to answer the question why you took those pictures?

"Mr. Bird: On advice of his attorney, he just told you.

"Q. (By Mr. Barnhart) Were you instructed by your company prior to the happening of this accident to take these pictures?

"Mr. Bird: I advise you not to answer that question again on the grounds it is immaterial to this cause of action.

"Q. (By Mr. Barnhart) Do you refuse to answer that question? A. On the advice of my lawyer.

"Q. And when you say your lawyer you have reference to the lawyer appearing here on behalf of the defendant? A. Yes.

"Q. Was it part of your duties as a bus operator to take pictures of the accident?

"Mr. Bird: I advise you not to answer it, on the grounds it is immaterial to this cause of action.

"Q. (By Mr. Barnhart) Do you refuse to answer the question? A. On the advice of my attorney."

Immediately following the taking of the operator's deposition plaintiff filed and called up for hearing before the respondent two motions, one to inspect and copy the photographs, and the other to cite Cox for contempt for refusal to answer various questions relative to the taking of the photographs. Both motions were argued on November 7, 1958, and the hearing continued to November 14, 1958. During the course of these hearings the operator's deposition was presented to respondent and was used and relied on by both parties, and no other evidence was introduced in

support of or in opposition to the granting of plaintiff's motions. Respondent concedes that at the conclusion of the hearing on the latter date he indicated to counsel for both parties that he would sustain plaintiff's motion to inspect and copy the photographs unless prohibited from doing so, but would not enter the order for ten days in order to afford relator an opportunity to apply for our writ. So far as the record before us shows the respondent did not rule on plaintiff's motion for a citation for contempt.

In seeking to obtain an inspection of the photographs, plaintiff relied, of course, on Section 510.030 RSMo 1949, V.A.M.S. which provides in part: "Upon motion of any party showing good cause therefor and upon notice to all other parties, the court in which an action is pending may (1) Order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated * * * photographs * * *, not privileged, which constitute or contain evidence material to any matter involved in the action and which are in his possession, custody, or control * * *." That statute was construed in the case of State ex rel. Terminal Railroad Ass'n of St. Louis v. Flynn, 363 Mo. 1065, 257 S.W. 2d 69, 71. In that case, which is relied upon by both parties here, one Davis, a member of relator's switching crew, was struck and run over by the wheels of a railroad car. Rheinhardt, a sergeant in relator's special service department, was notified by telephone of the occurrence and went immediately to the scene of the accident, where he found the injured man, and took four photographs. Subsequently the photographs were turned over to relator's claim agent by the special services department. Davis filed suit against the relator and moved for an order to require the relator to permit him to inspect and copy the photographs. At the hearing on plaintiff's motion, Rheinhardt was called as a witness by Davis, and testified as to the foregoing facts surrounding the taking of the pictures. Presumably Rheinhardt was asked why he had taken the photographs, for the report of the case contains the statement that "He took the photographs because he considered it to be a part of his duty 'as a Terminal employee so to do'." Based upon these facts, the Supreme Court ruled (257 S.W.2d loc. cit. 75):

"We hold that the photographs in question were privileged and not subject to discovery, because they were taken in preparation for the defense of reasonably anticipated litigation and as such they fall outside of the arena of discovery. The order of respondent requiring their production for inspection, copying and photographing by the adverse party contravenes the established public policy of this state with reference to the orderly prosecution and defense of legal claims. These photographs, like diagrams, maps and drawings prepared for use in anticipated litigation and after the cause of action accrued, were the 'work product' of relator in preparation of its defense and in anticipation of litigation and they are not subject to discovery and it matters not whether they are the work product of relator's agent or attorney or whether they have as yet been delivered to the custody and control of the particular attorney who is in charge of the defense of the particular case."

■ Photographs are not, per se, privileged. As pointed out by the Supreme Court in State ex rel. Terminal R. Ass'n of St. Louis v. Flynn, supra, under Section 510.030 photographs are a proper subject for inspection provided that (1) they constitute or contain evidence material to some matter involved in the action; (2) good cause is shown for their production; and (3) the photographs are not privileged. In this case relator realistically concedes that the photographs taken by its bus operator constitute evidence material to the issue of whether or not plaintiff was af-

forded a safe place to alight from its motorbus, and does not contend that plaintiff failed to show good cause for their production. Its sole contention is that the photographs are privileged because they were taken in preparation for the defense of reasonably anticipated litigation. If the photographs were indeed taken for that reason then they are privileged, for that was the basis of the Supreme Court's decision in the Terminal case. On the other hand, if they were not taken for that reason but for one which had nothing to do with any possible claim or suit, then they are not privileged, and are subject to inspection, even though they may now be in the hands of relator's counsel for possible use in the trial of the pending suit. Hence, the case turns upon the question of why Cox, the relator's bus operator, took the pictures.

Relator argues that the facts surrounding the taking of the pictures in the instant case are similar to those in the Terminal case. That they are similar in some respects must be admitted. But there are also dissimilarities between the two cases. In the Terminal case, the employee who took the pictures was a member of the Terminal's special service department, which apparently was concerned with the investigation of accidents, for he was notified immediately of the occurrence. Here the photographs were taken by a motorbus operator, who ordinarily would have nothing to do with the investigation of accidents or the preparation of a defense to a suit. Of more importance, however, is the fact that in the Terminal case the employee testified that he took the photographs because he considered it to be a part of his duty as a Terminal employee to do so. In this case, by instructing its employee not to answer the questions when his deposition was being taken, the relator effectively blocked all inquiries as to why the photographs were taken, whether the driver was instructed by relator to take them, and whether it was the driver's duty to take the pictures. Furthermore, when the hearing was held on plaintiff's motion to inspect relator apparently was content to stand upon the state of the record as shown by the deposition, for it did not have Cox, its employee, testify as to the reason he took the photographs.

The question as to why the photographs were taken was a question of fact, to be determined by the respondent. In his return respondent pleads that because the relator suppressed the evidence as to the reason the pictures were taken he indulged the presumption that the evidence, if not suppressed, would have been favorable to the plaintiff and would have revealed that the photographs were in fact not privileged. We are of the opinion that under the circumstances of this case the respondent was entitled to indulge such a presumption, and to reach the conclusion that the photographs were taken for a reason which would not make them privileged. It has long been the rule in this state that the spoilation or suppression of evidence gives rise to an unfavorable inference. Thus the destruction of written evidence without a satisfactory explanation gives rise to an inference unfavorable to the spoilator. Garrett v. Terminal R. Ass'n of St. Louis, Mo., 259 S.W.2d 807; Griffith v. Gardner, 358 Mo. 859, 217 S.W.2d 519. Similarly, where one party has obtained possession of physical evidence which he fails to produce or account for at the trial, an inference is warranted against that party. Powell v. Union Pacific R. Co., 255 Mo. 420, 164 S.W. 628. It is also well settled that the failure of a party having knowledge of the facts and circumstances vitally affecting the issues on trial to testify in his own behalf, or to call other witnesses within his power who have knowledge of such facts and circumstances raises a strong presumption that such testimony would have been unfavorable and damaging to the party who failed to proffer it. Williams v. Ricklemann, Mo., 292 S.W.2d 276; Block v. Rackers, Mo., 256 S.W.2d 760. And where one conceals or suppresses evidence such action warrants an unfavorable

inference, Derrington v. Southern R. Co., 328 Mo. 283, 40 S.W.2d 1069; Cooper v. Metropolitan Life Ins. Co., Mo.App., 94 S.W.2d 1070, and evidence of such suppression is " * * * admissible as showing an admission that defendant was conscious of being in the wrong and that its cause was unjust." Freeman v. Kansas City Public Service Co., Mo.App., 30 S.W. 2d 176, 182.

■■ Prohibition is not a writ of right; its issuance in a given case is addressed to the sound discretion of the court. State ex rel. Siegel v. Strother, Mo., 365 Mo. 861, 289 S.W.2d 73, 82. Before the relator may become entitled to the writ in this proceeding, the burden is on relator to show that the respondent lacks jurisdiction or is about to exceed his jurisdiction by making the order of inspection. State ex rel. Terminal R. Ass'n of St. Louis v. Flynn, supra; State ex rel. Burke v. Scott, 364 Mo. 420, 262 S.W.2d 614; State ex rel. Cummings v. Witthaus, 358 Mo. 1088, 219 S.W.2d 383, 8 A.L.R.2d 1124. And as was said in State ex rel. Schlueter Mfg. Co. v. Beck, 337 Mo. 839, 85 S.W.2d 1026, 1033: " * * * The presumption is in favor of the right action of the trial court. The burden is on the relator to show that the respondent lacked jurisdiction or exceeded his jurisdiction."

What the relator contends, in effect, is that the respondent should have concluded that the pictures were taken in preparation for the defense of reasonably anticipated litigation because of the facts and circumstances surrounding their taking. But that is not the only conclusion which may be drawn. The motorbus operator may, for example, have taken the pictures because he feared the plaintiff would complain to relator about his conduct, and jeopardize his position. Only one person, relator's bus driver, knew why the pictures were, in fact, taken. If he took them for a purpose which made them privileged, it would seem that relator would have permitted Cox to testify to that fact. Instead, relator steadfastly instructed its employee, during the taking of his deposition, not to answer any question relating to the reason the photographs were taken, and maintained the same position at the hearing on plaintiff's motion to inspect. The respondent was therefore justifiably entitled to and did infer therefrom that the testimony of the bus operator would have been unfavorable to relator, and concluded that the photographs were not taken for a reason which made them privileged. It was said in State ex rel. Cummings v. Witthaus, 358 Mo. 1088, 219 S.W.2d 383, that under Section 510.030 the trial court is vested with a discretion as to whether or not he will order the production of requested documents or exhibits, and an appellate court may not interfere unless it appears the court is about to abuse his discretion or that documents or exhibits are about to be ordered produced in violation of relator's fundamental rights of privilege and privacy. In view of the circumstances we are unable to say that the respondent is about to abuse the discretion vested in him or to exceed his jurisdiction in entering the order of inspection.

It is therefore the recommendation of the Commissioner that the provisional rule be discharged.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of the court.

Accordingly, the provisional rule in prohibition is discharged.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.

On Motion for Rehearing or to Transfer

DOERNER, Commissioner.

In its motion for a rehearing or to transfer relator has called our attention to the brief reference in respondent's return that at the continued hearing on plaintiff's motions held on November 14, 1958, "counsel for each of the parties and witness Cox appeared." The fact that Cox was in court

on that occasion was not referred to in either the briefs or in oral argument, and was not noticed when the pleadings were reviewed. That Cox was not called to testify by either side is conceded, but the reference in the opinion to relator's failure to produce Cox should accordingly be deleted, and to that extent the opinion should be modified.

The two principal points raised by relator in its motion are (1) that the questions propounded to Cox during the taking of his deposition as to why he took the photographs were not material because a motion to inspect was not then pending; and (2) that our opinion holds that the party against whom the motion is brought has the burden of proving the movant is not entitled to the relief sought.

The first of these contentions disregards the fact that a deposition is taken not merely to obtain the witness' testimony regarding the immediate facts giving rise to the cause of action, but for the broader purpose of discovering all other pertinent information which will assist counsel in fully preparing his client's case for trial, including subsequent interviews with witnesses, interrogatories, and motions to inspect or produce. This case furnishes an excellent example of that procedure, well known to every trial lawyer of any experience. There is nothing in the record before us to indicate that either the plaintiff or her counsel were aware, prior to the taking of Cox' deposition, that he had taken the photographs. It is admitted that the plaintiff's motion to inspect was filed and partly heard the day after Cox' deposition was taken. When Cox' testimony at his deposition established that he had taken the photographs, relator could reasonably have anticipated that the plaintiff would seek to inspect them and that a motion to do so would logically follow. Our Supreme Court in State ex rel. Terminal R. Ass'n of St. Louis v. Flynn, 363 Mo. 1065, 257 S.W.2d 69, 74, said that a defendant whose employee had been seriously injured by one of its trains could immediately reasonably anticipate that litigation would follow, and that in this day and time no one would be so naive as not to know that such litigation was impending and could reasonably be expected to follow. It seems to us, by the same token, that after litigation has been instituted, when the plaintiff ascertains that defendant has material documentary evidence in his possession, the defendant should reasonably anticipate that the plaintiff will seek to inspect such documents. Hence, defendant here should have known that the questions as to why Cox took the photographs were in anticipation of plaintiff's impending motion to inspect, and therefore material.

As to relator's second contention, there is nothing in our opinion which places the burden on a respondent to disprove the allegations of a movant's motion. What the relator disregards is that relator joined with the plaintiff in requesting the respondent in this case to pass upon plaintiff's motion to inspect on the basis of Cox' deposition. Relator's error was in relying upon that state of the record on the motion to inspect, instead of calling Cox as a witness to destroy the basis for the unfavorable inference which respondent drew from relator's directions to Cox, during the taking of his deposition, not to answer the questions as to why he took the pictures.

The Commissioner therefore recommends that the opinion be modified as stated, and that relator's motion for a rehearing, or in the alternative, to transfer the cause to the Supreme Court, be denied.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of the court.

Accordingly, the opinion is modified as stated and relator's motion for a rehearing, or in the alternative, to transfer the cause to the Supreme Court, is denied.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.