STATE of Missouri ex rel. NATIONAL BANK IN NORTH KANSAS CITY, Missouri, and Jeanne P. Fuller, Relators,

v.

The Honorable John M. YEAMAN, Judge of the Sixth Judicial Circuit, Circuit Court, Platte County, Missouri, Respondent.

No. 25781.

Missouri Court of Appeals, Kansas City District.

April 3, 1972.

North Kansas City," and that "plaintiff Carmoleta G. Field, judgment creditor of Arthur F. Donovan, is entitled to execution" upon said real estate (totaling about 56 acres), and that the same be sold by the Sheriff of Platte County at public vendue on or before August 20, 1970. Relator, National Bank in North Kansas City, was not a party to Carmoleta's case No. E–13716, the decree in which, dated June 16, 1970, further declared that Jeanne P. Fuller had a prior equitable lien (dated September 28, 1968) on the entire 56 acre tract.

Achtenberg, Sandler & Balkin by Bernard L. Balkin, Kansas City, and James C. Davidson, North Kansas City, for relators.

Theodore C. Beckett and Robert T. Steinkamp, Kansas City, of Morris, Foust, Moudy & Beckett, Kansas City, for respondent.

PER CURIAM:

This case, in which a preliminary writ of prohibition was issued on May 14, 1971, and which is here sought to be made absolute, has a long history of litigation.

The first suit was brought by Carmoleta G. Field v. Arthur F. Donovan in the Circuit Court of Jackson County, Missouri, in which Carmoleta recovered judgment upon Donovan's promissory notes and for damages (actual and punitive). Based upon the judgment in that suit, Carmoleta filed a suit in the Circuit Court of Platte County, Missouri (No. E–13716) to set aside Donovan's conveyances to relator Jeanne P. Fuller because fraudulent as to her, a judgment creditor. The court set the deeds and a deed of trust to Hizer aside, and decreed that "title to all the land in question shall stand and be in the name of Arthur F. Donovan, subject to the Deeds of Trust held by the National Bank in

Count I of the petition to restrain National Bank and its trustee in the deed of trust from foreclosing it set forth the facts of the prior decree in Case No. E–13716, including the part that the decree was "subject to the Deeds of Trust held by the National Bank in North Kansas City." It is then pleaded that notwithstanding that Carmoleta's decree gave her the right of execution as a judgment creditor and that National Bank's interest was "specifically preserved and protected", it has caused the property to be advertised for sale under its deed of trust on account of Donovan's default in payment thereon. The note and deed of trust was executed December 15, 1967, for $40,000 with 7% annual interest payable June 30, 1968, and every six months thereafter, with principal payments of $1,000.00 beginning on January 1, 1969, and every six months thereafter until paid. Donovan made one payment of $1,000.00, plus interest, on or about June 30, 1968, "and that no payments were made thereafter and that said note has been in default now for over two years and that the defendant National Bank in North Kansas City, Missouri, has heretofore made no effort to collect the same or otherwise secure payment from the said Arthur F. Donovan and is accordingly guilty of laches;" and that to permit a foreclosure of the said Deed of Trust at this time would prejudice the lawful right of petitioner Carmoleta G. Field and render nugatory the above-men-

tioned judgment and destroy the balance of equities therein affected.

Carmoleta then pleaded that National Bank has made no effort to collect the indebtedness but had given Donovan an indefinite extension thereon pending the outcome of Case No. E–13716, and intends now to sell the real estate for a grossly inadequate price for its benefit and that of Donovan, which will result in hindering and delaying her and other creditors of Donovan from collecting their judgments. It is then pleaded that the granting of injunctive relief is necessary to protect the jurisdiction of the court in Case No. E–13716, and that National Bank will proceed with the sale unless enjoined, and that if the sale is held, Carmoleta will suffer irreparable damage, and she has no adequate remedy at law.

Count II realleges the allegations of Count I and pleads further: That a general execution in Case No. E–13716 was issued to sell the real estate of Donovan at public vendue on August 17, 1970; that on August 6, 1970, James F. Donovan and Maxine Donovan caused a temporary restraining order to be issued enjoining said execution sale; that National Bank has repeatedly attempted to foreclose its deeds of trust "thereby rendering the court's order in E–13716 nugatory", and depriving the court of its jurisdiction therein, and defrauding Carmoleta and other judgment creditors by preventing them from collecting their judgments. National Bank and the trustee have foreclosed the deed of trust dated June 10, 1968, and Donovan, prior to sale, served his notice to redeem the same. National Bank purchased the property at the sale subject to Donovan's redemption, and the sale was conducted at such time as to bring a depressed and unconscionably low price and to reduce and dissipate Donovan's assets and estate. National Bank did foreclose the deed of trust dated December 15, 1967; that the real estate has these liens as per the decree in Case No. E–13716, in addition to the deeds of trust held by National Bank: Jeanne P. Fuller, an equitable lien on a portion of the real estate in excess of $26,000.00; Carmoleta G. Field, judgment lien in excess of $25,000.00; and City National Bank and Trust Company, a lien in excess of $30,000.00; that if the property is sold as one whole unit, the proceeds will be sufficient to pay all lien holders; and that National Bank will proceed unless the sale is enjoined and the property placed in the hands of a receiver as prayed.

Under these counts the trial court enjoined National Bank and trustee, Richard E. Watson, from foreclosing the deed of trust, found that the appointment of a receiver would not be materially prejudicial to defendants, and such appointment was ancillary to the prayer of equitable relief in Case No. E–13716, and appointed E. J. Breen as receiver of the real property and ordered that he sell it at public vendue in gross as soon as it is practicable and upon notice to interested parties.

█ It is apparent throughout Carmoleta's pleadings that National Bank's deeds of trust are not attacked for invalidity. The briefs here do not assert any invalidity, and the pleadings show that the notes which the deeds of trust secure are in default. National Bank had a perfect right to proceed with foreclosure under these circumstances, and no fact is pleaded which could give any basis for enjoining any foreclosure sales. It is also apparent that Carmoleta's judgment lien is inferior and junior to the liens of National Bank's junction was therefore without any pleaded for an injunction. The trial court's injunction was therefore without any pleaded factual basis for jurisdiction to issue it. State ex rel. Henderson v. Cook, Mo., 353 Mo. 272, 182 S.W.2d 292, 293[3–5]; State ex rel. Siegel v. Strother, 365 Mo. 861, 289 S.W.2d 73, 82[17, 18]; and see State ex rel.

Uthoff et ux v. Russell, Mo.App., 210 S.W.2d 1017, 1019.

National Bank was not a party to Case No. E–13716 which purported only to set aside deeds which were in fraud of judgment creditor Carmoleta, and which declared her lien to be inferior to that of Jeanne P. Fuller. The proceedings could not have been ancillary to Case No. E–13716, as found by the trial court, because National Bank was not a party thereto. As to National, there was no "pending action", Robinson, et al. v. Nick, et al., 235 Mo.App. 461, 136 S.W.2d 374, 385[1], which would give the court authority to appoint a receiver over property in which it had an interest. And since as above noted, no claim to relief stated in the instant petition for injunction, there was no power in the court to have appointed a receiver (Nick, supra). If Jeanne P. Fuller had a lien superior to that of Carmoleta, as held in the previous Case No. E–13716, there was no authority to appoint a receiver as to her, and to order him to sell the property in gross. Under the facts as they appear, Jeanne P. Fuller would be entitled to have her equitable lien satisfied after that of National Bank, but before the judgment lien of Carmoleta.

 No prejudice or disadvantage to any lienholder who was junior to the lien of the deed of trust of National Bank is suggested because of the two year delay in instituting foreclosure proceedings as would constitute laches. In Schaeffer v. Moore, Mo., 262 S.W.2d 854, 859[11–14] it was said, "Where no one has been misled to his harm in any legal sense by the delay, and the situation has not materially changed, the delay is not fatal. Laches in legal significance, is not mere delay, but delay that works a disadvantage to another." See also State ex rel. McIntosh v. Rainey, Mo.App., 397 S.W.2d 344, 346[4–6]. For all that appears here, the status of Carmoleta's junior lien, and that of Jeanne P. Fuller, is unchanged in their relationship to National Bank's superior lien, and

laches is clearly no basis for granting an injunction against it and for appointing a receiver.

National Bank is, and was, entitled to proceed with its rightful foreclosure. Under the facts of its holding a valid deed of trust, an appeal would not be an adequate remedy because of its expense, the delay thereof, and the paramount fact that the court was acting in excess of or without jurisdiction. State ex rel. Siegel v. Strother, Mo., 289 S.W.2d 73, 82[17, 18].

The preliminary rule in prohibition issued herein should be made absolute. It is so ordered.